Good morning. Good morning, Your Honor. May it please the Court, Katherine Van Dusen on behalf of Cox Communications, Inc. and the related Cox entities. Your Honors, this is a class action, and the question is whether the case is properly in federal court under the Class Action Fairness Act. Both parties agree federal jurisdiction exists here. Cox alleged the existence of minimal diversity in its notice of removal, and the district court recognized that it was inconceivable there would not be minimal diversity between the parties. Nevertheless, the district court remanded the case. This court granted Cox permission to appeal, and I appreciate the opportunity to be here today. The whole issue is, what's the difference between citizenship and residency, right? Well, sort of. I actually think the bigger issue in this case is, what's the difference between a pleading burden versus a burden of proof? And so here, when a defendant removes the case to federal court, the defendant needs to include a short and plain statement of the grounds for removal. There's no heightened pleading standard, no requirement to prove jurisdiction, no requirement to include evidentiary submissions. All a defendant needs to do is assert, plainly, the grounds for jurisdiction. When the district court remanded this case, it held Cox to a higher standard. It required Cox to prove the existence of jurisdiction. But in response to plaintiff's pleading motion, alleging a facial challenge to the pleading, Cox had no burden of proof. Cox only had to meet its pleading burden. Why is it a facial challenge here? Because as I understand it, what Cox has alleged was that Ehrman was a California citizen. That's right. And Ehrman appears to say, prove it. You can't prove it. Why are you saying it's a facial challenge? Because it looked to me like this whole problem would have gone away had Cox simply, in response to that motion, asked the district court for the opportunity to take jurisdictional discovery to learn whether Ehrman, or really even any other members of the putative class, was a citizen of California. Cox would have then asked Ehrman some questions. Where are you registered to vote? Where do you pay your state taxes? Do you have a driver's license? Where? And then there would have been evidence, probably, that Ehrman was a California citizen. So in response to the first question, how do we know it's a facial challenge? We know it's a facial challenge because Mr. Ehrman tells us it's a facial challenge. He tells that even in his papers here to the court. He says that this is a facial challenge. And in response to your other question, I believe Cox did request the opportunity to take more jurisdictional discovery if the court believed it was necessary. So we did ask for that. We were not given that permission. But I do think, even if we go beyond the pleadings, because I think the pleading, it's clear under Ninth Circuit law that all a defendant needs to do is allege a person is a citizen of a state. And we did that here. We alleged Ehrman is a citizen of the state. So even if it's not a case, I frankly forgot the name of it right now. It was a Catholic case where somebody claimed they were a resident and so on. And there was never any proof, basically, of it. It was never offered. And we blew it out because there wasn't that. In this case, you obviously were able to do it here to find something because you took, let me see if I get this correct, you obtained two declarations from class members stating there were citizens of states outside of Delaware and Georgia. You were able to do that, following up on Judge Simon's point. Why didn't you just say, give us a brief time here. We will produce something that will confirm that you've got citizens here, not just residents. Because as you well know, particularly in a state like California, where the weather is sometimes good, that people like to come. And they'll stay here part of the year. They're in the desert part of the time. But they're not citizens. They vote elsewhere. Their driver's licenses are elsewhere. Their cars are registered elsewhere. So there's a real issue. From my perspective, there is a real issue. There's a difference between residency and citizenship. So isn't this a pretty simple requirement? And this, of course, doesn't just affect Catholic cases. This is any removal in any kind of a case where federal removal jurisdiction is involved. Sure. So the issue is whether, first of all, looking at the four corners of the notice of removal, which includes not only our allegations in the notice of removal, but also includes Mr. Ehrman's complaint. Mr. Ehrman's complaint alleges he's a resident of California. A resident. But it does more than that. It doesn't just say, I reside in California. It says, I've lived here for a long time with my family. I call it my home. I receive internet service in my home. So all of those additional facts make clear that it's more than just a sort of temporary place where he rests his head. The difference between residence and domicile is that a person's domicile is their fixed habitation. It's where they live with the intent to reside permanently. So if he would have said, this is where I reside, this is where I have my home, and I intend to stay here, then you're saying we wouldn't have an issue, right? Well, certainly we wouldn't in that case. But I don't think we have an issue here either, because whether someone intends to remain in a place is measured not by their subjective statements, but rather by the objective evidence that's available. And here, both the length of time that Mr. Ehrman has been in that same home, the fact that he calls it his home, the fact that he lives there with his family, all of which is alleged in paragraph three of his complaint. But that alone, with respect, counsel, that alone doesn't show citizenship, does it? I mean, say, for example, somebody is an old California family resident. They have a place in Monterey on the 17-mile drive. And every year, for something less than six months in a day, they go up there with their family. They reside there. They have their own TV sets, blah, blah, blah. But they don't, their domicile's not there. Their domicile's in Nevada, because they don't want to pay taxes in California. Happens a lot. So there's no citizenship there, right? And so what that gets to is, assuming that there was ever placed upon Cox a burden to prove the allegation, which I think, as a fundamental matter, never happened. But assuming that happened, the court needs to weigh the evidence that's before it. And Cox had a lot of evidence of his intent to remain in his home. The length of time, the fact that he's there with his family, the fact that records in Cox's own files revealed that he had been there for a long time. On the other side of the ledger, nothing. Absolutely nothing. Should the court have taken into account these hundreds of thousands of other subscribers in California? Absolutely. And so one of the issues is, of course, Cox only needs to allege that there is minimal diversity. Here, we had not just that Mr. Ehrman was a long-term resident of California and his home, but that there were 832,000 other people who, as of the date of this complaint, received residential internet service in California, which is more than just being in the state. It means they have some sort of residence, some sort of house or apartment, where they've gone through the effort to sign up for internet service, which, as I'm sure the court knows, is more than just a one-time purchase. You get your internet service on a monthly basis. Most people, it's some evidence that that is a long-term residence. But again, you can have somebody, the example of my old California family, they're somewhere else six months and a day. Sure. But they still want to have their internet there when they come to Monterey, a 17-mile drive. They want to have their TV. They want to have all those things. They want to have a phone, things like that. Was there any reason to believe that? Sorry. I was going to say, that doesn't establish citizenship. It doesn't, maybe, for one person. But for 832,000 people, the court's allowed to infer a reasonable amount of intelligence that not all 832,000 people who reside in California, as of the date of the complaint, are, in fact, citizens of Georgia and Delaware, which is the only way minimal diversity would not exist in this case. Is there anything about this service that would have made it like a vacation home service or something? I mean, this was just the customers in California, right? So it would have to be that all 800,000 customers in California actually live somewhere else. Not just somewhere else, but actually in Georgia or Delaware. And as we know, that's almost the population of Delaware. That's just, it's inconceivable. And so Cox met its pleading burden by alleging a plausible fact that at least one of those individuals is a citizen of California, or at the very least, some state other than Georgia or Delaware. I have the district court's order granting plaintiff's motion to remand ER1 and following in front of me. Where in there does the district court say that Cox asked for jurisdictional discovery and the court explains why it was not giving jurisdictional discovery? I don't believe the court addressed it. I do believe we asked for it in our moving papers, which are not part of the record because they're part of the motion. But I don't believe the court addressed it in response to the order. But that would have solved the problem, right? Well, I don't know that there was a problem that needed to be solved. Well, he sent you down to the state court. You wouldn't have to appeal. No. And I think one of the other fundamental issues here is that the district court didn't make a finding that there was not jurisdiction here. It said, well, you didn't meet your pleading burden, and therefore, you didn't prove it in your pleading, therefore, I'm remanding. But there's no finding that there's not subject matter jurisdiction. And in fact, there is. Let me ask you this. You may be right about this case, and I'm equipoise on that one. But as a matter of general pleading, I find it difficult to say that if you say, you know, this person is a resident of the state of California, that that equates to citizenship. And as a result, what we say in this, if it's a published opinion, it usually is with a Kappa case. Don't we create a real slippery slope on this thing? Isn't more required to establish a prima facie citizenship than just saying so-and-so is a resident? In a pleading, I think I would, as a defendant removing, have an obligation not just to allege that someone is a resident, but also a citizen, which is what we did. And that's all that the short and plain statement requires. So just saying it is enough. And because you're making an allegation and you're signing it under Rule 11, you're making a separate allegation, which is not just that the person is a resident, but it's their citizenship. And that's what confused me about this idea of it being a facial challenge. You said what you needed to say. And therefore, the only challenge that would seem to make sense to me is for them saying, no, you're wrong on that. Sure. And I think the issue is that the challenge rests on the assumption that calling someone a citizen is a legal conclusion rather than a factual assertion. And I think that's just incorrect. So under the federal rules, under what is now incorporated into the US administrative office of the court forms, all you have to do is say someone is a citizen. That's the standard. And DART says things can be on information and belief, right? I think it's Carolina. Carolina. DART says I don't need evidence in the notice of removal. So the only way that one could read this is as a applied challenge, not as a facial challenge, because you said in the petition what you need to say. And then when the plaintiff challenges it, that's OK. Well, prove he's a citizen. Normally the response is, all right, then I need to take some jurisdictional discovery. If I needed jurisdictional discovery to prove it, then I would have, well, we did ask for it. But I don't think I needed jurisdictional discovery to prove it, because there was a lot already before the court, not only in the four corners of the notice of removal, but also in the declarations we submitted showing, confirming that Mr. Ehrman had lived in California for years, confirming that there were over 800,000 class members residing in California at the time. Isn't the facial challenge some kind of, it's not enough to say as a citizen you have to explain your entire legal theory, and the legal theory has to line up exactly with whether everything you've said lines up with the requirements of being a citizen. I mean, it's like, it sort of is a facial challenge just with a broader lens. Well, I think it's a challenge to the plausibility of the allegation rather than necessary. Maybe it's a challenge to the plausibility. Because at least as I understand it, you were saying they weren't saying he is not a citizen. They were just saying you didn't say the right things. That's exactly right, because Mr. Ehrman now has conceded that he is a citizen of California, has no argument against that. If they had said he is not a citizen, then it sounds like you tried to get jurisdictional discovery, although I don't know how we're supposed to know that. It's in the UCF docket, but it's not part of the record. But so is it the district court's responsibility to say we need to make fact-finding about jurisdiction here? I mean, it seems like Mondragon and King talk about the district court doing fact-finding for jurisdiction, if necessary, if there's a fact dispute. Sure, and I think there is a little bit of confusion because Mondragon and King are both burdens of proof. Right, so I understand you might not think you even have that burden, but if you did, they say you should have fact-finding. Right, and then I put in evidence. So there was evidence on my side of the ledger to show that he was a California citizen. That includes the length of time calling it his home, our records confirming the length of his citizenship, and the sheer number of class members who reside in California. So if you were writing an opinion on this, you would say, I assume, this is an as-applied challenge here. We did all that Rule 11 requires us to do. We said he was a citizen. We said all these other people are part of the alleged class. There's nobody saying to the contrary. He didn't come back and say, I'm not a citizen. He just said you didn't plead adequately. And as Judge Simon pointed out, that's a necessary end of story. Is that correct? That's correct, Your Honor. I'll reserve the rest of my time. OK, very well. Thank you. Good morning. Good morning. May it please the Court. Jamon Soderstrom on behalf of Plaintiff Apelli. What this court is being asked to do is to either draw a bright line as to a pleading standard that versus plausible conclusions with no facts actually pleaded. So is this a facial challenge or an applied challenge? It's a facial challenge, because just like a Rule 12b-6 motion, discovery does not kick in if the complaint on its face has not actually pleaded facts that, if true, would establish the element. Let me ask you this. In a typical, very simple diversity case that's brought in original jurisdiction on diversity, plaintiff pleads. Plaintiff is a citizen of x. Defendant is a citizen of state y. More than $75,000 is at issue. Has enough been pled to establish subject matter jurisdiction as a facial matter? I believe in the plaintiff's pleading requirements, that would be sufficient as to the defendant's citizenship. And we only then go beyond that if the defendant says, no, we disagree. We challenge. We are not a citizen of y. We're a citizen of x. Or you're not a citizen of x. You're a citizen of y. Why is this any different? It's different for several reasons. First, an individual's state of citizenship has two specific elements that must be pleaded. First, it has to be domicile. Domicile is distinctive from residence. And it requires an inquiry beyond simply living in a place. Let me interrupt for a minute, please. Because let's rewind. Because in a normal bread and butter diversity claim, the plaintiff says, I'm a citizen of state x. Defendant is a citizen of state y. And more than $75,000 is at issue. And I asked you if that's sufficient. And you said yes. They didn't plead anything about domicile or anything else like that, or the two elements. So here, I asked, what's the difference in this case? Are you telling me that here, you have to go beyond, when you have a removal, you have to go beyond saying, the basis for my removal is that plaintiff is a citizen of x and defendant is a citizen of y. As a matter of fact, take my case. Let's suppose we're in state court. And in state court, we have a filing. The defendant removes on diversity and says, the basis for my removal on diversity is that plaintiff is a citizen of x. Defendant is a citizen of y. More than $75,000 is at issue. Is that sufficient for ordinary, plain vanilla removal? I'll submit to you that that's what most of them look like. That is what most of them look like. And a lot of them get remanded if they don't state the citizenship allegation. But I'm not following what you mean by that. Assume that someone says. If they actually formally pled is a citizen. Plaintiff is a citizen of California. Defendant is a citizen of Georgia. More than $75,000 is at issue. It will not get remanded, at least on a facial challenge. Am I wrong? No, I don't believe you're wrong. So how is this different? How this is different is several things. One, for an individual citizen, there are several steps that must be pleaded. And they must be factual allegations. But we just said they're not. Saying they're a citizen is enough. And Carolina says that you can do it on information and belief. And then Dart says we take the allegations as true, unless there's a factual challenge to them. And here, you didn't make a factual challenge because you don't deny that he is a citizen of California. So I'm just totally baffled by how you can even be here, like how this ever came about. It's so confusing how this came about. Two things. First, as to Carolina, Carolina was a plaintiff trying to figure out where the defendants were located. Carolina explicitly applied the unusual circumstances test because the plaintiff had no ability to figure out where the defendants were actually citizens. So they pled on information and belief. And then were allowed to seek discovery after the fact. OK, but so they pled on information and belief that your client is a citizen of California. In fact, you admit he's a citizen of California. So how do you have a factual challenge the way that Dart says you need? I don't understand. The question before the district court was did their allegations of mere residency and then jumping to a plausible conclusion, not based on a plausible fact, but a plausible conclusion that he must necessarily be a citizen, did not actually plead the required elements of citizenship. So the district court added things to the pleading requirement that no one has ever done before as far as we can tell, right? Is that right? Actually, the court in Cantor, I believe, 1983, Ninth Circuit, specifically states that there are two specific elements of an individual's citizenship. It is first, domicile, second, United States citizenship. Excuse me. You're confusing what my colleagues are saying. We've got a pleading requirement, and then you've got the details of what it means to be a citizen. No question about that. In this case, there was discussion about residency. Residency is not citizenship. But as you have admitted in your conversation with Judge Simon, if somebody says, I'm a citizen, that's it, unless you come through with contrary evidence that says, no, I'm not, I live here, and blah, blah, blah. In this particular case, as I understand it, at least in the pleadings, Cox said, we'd like a jurisdictional discovery if that's necessary. Your client, at some point, agreed he was a citizen. Is there any more that needs to be done here? With respect, I believe the post-remand proceedings is exactly how this sort of circumstance should play out. And there are no facts within their knowledge that they pleaded in a removal paper that would, if true, support the legal conclusion that they pleaded. No, let me ask you this. I'm looking at the notice of removal, paragraph 12, in which Cox says, defendant is informed and believes, and on that basis alleges, that plaintiff is a citizen of the state in which he resides, as alleged in the complaint. Pretty inartful. Would you have been able to maintain a motion to remand if instead, Cox simply said, defendant alleges that plaintiff is a citizen of California? Period, full stop. What would your motion to remand have said? That Twombly, Iqbal, and Dart all require plausible facts to support a legal conclusion. But he had a legal conclusion is the citizenship allegation. That is not a factual allegation. It is a legal conclusion. Well, first of all, he is a resident with the internet service. I mean, maybe it's enough anyway. But let's say it's not. What about 800,000 other people? It's the true case that all of them would have to either live in Georgia or Delaware. That is, from a practical standpoint, that is the case. And so I feel like we're in Never Never Land or something. I mean, I don't understand how we're in court talking about whether 800,000 internet subscribers in California live in Georgia or Delaware. It's not plausible that all of them live in Georgia or Delaware, right? It's completely ludicrous. It is inconceivable that that is true. So then why, how are we here? I don't understand how the rule could be that we have to be here talking about this. That just is impossible. We're here because of Harris versus Banker's Law. What does that hold? And Harris held that an indeterminate pleading does not create removability based on diversity of citizenship. And in what way is this indeterminate when it says defendant is informed and believed  is a citizen of California? That is exactly what the issue was in Harris. In Harris, they said he is a resident, believe he's a citizen, therefore, and this was the plaintiff's remand argument. They took residency, equated it with citizenship, and therefore, they didn't remove timely enough because that put them on notice that citizenship exists. They missed the 30-day window. They moved to remand. The Harris court said, hold on. That puts defendants in a very difficult position if you have not affirmatively stated, and Harris uses very absolute terms. It says the complaint must, on the complaint, because this is removal, the complaint must reveal on its face, or it must be evident based on the allegations in the complaint that domicile and United States citizenship exists. Therefore, the person is a citizen of the state. But this complaint talked about 800,000 people, didn't it? Didn't this complaint talk about 800,000? The complaint didn't talk about any number of people. It might have said there are many, many, perhaps thousands. I mean, it would have to be that all of Cox's subscribers, who are the class, live in Delaware and Georgia. That complaint says that they're the subscribers of California, right? It does. But the question here is, it's really a question about how does Harris impact these types of cases? Harris said, I have not put them on notice by pleading residency that the case is absolutely removable under diversity. If this court holds, hold on, you pleaded resident. I didn't mean hold on. You're in the wrong forum, friend. He's the judge. Did you know that? You don't treat him that way. You're being very disrespectful, very disrespectful. I caution you. Treat him like a judge, OK? I wasn't referring to him. I was just being adamant. Yeah, you were. So just be careful. What I was trying to describe was to say, all right, lost my train of thought. Well, let me ask you this. The point, Harris, sorry. I want to ask you about Harris, though. Because when I leave the company of my colleagues up here, and I'm going to go back to district court, and I see a number of removal cases where the basis is diversity, and what it says in the petition is plaintiff is a citizen of Oregon, defendant is a citizen of Delaware, more than 75,000 at issue, we remove. If plaintiff then moves to remand and says, your honor, under the Ninth Circuit decision, under Harris versus Rand, that's not enough. What am I supposed to do? So the example was the complaint alleged the citizenship? No, not necessarily. It doesn't matter. It alleged the residence? No, it doesn't allege anything. A complaint is in state court. It's general jurisdiction. Sure. The petition for removal says, plaintiff is a citizen of Oregon, defendant is a citizen of Delaware, more than 75,000 at issue,  And then I get the plaintiff's complaint that says plaintiff is a citizen of Oregon, plaintiff's motion to remand, back to state court. And the plaintiff says, your honor, look at Harris versus Rand. They haven't said enough in the petition to remand. What am I supposed to do? They have not said enough in the petition to remove? In the removal petition. In the removal petition. So the removal petition alleges? Citizenship. Citizenship. And a mountain controversy, period, full stop, nothing more. By the way, we know that that's what most petition for removals say. I would say that is not enough under Harris. It's not enough under Harris, because Harris versus, I think it's Banker's Life, not Harris versus Rand. OK. Harris versus Banker's Life says, we have not triggered an obligation by the defendant to remove. The reason we have not triggered that obligation is because it would be an undue burden on the defendant to have to either guess or immediately run out, conduct jurisdictional discovery or an independent investigation to figure out whether residency, in this case, equated to citizenship. Why is that a burden? Well, it's the time limitation that the initial pleading places on the defendant. So if the initial pleading states citizenship, there is automatically a triggered 30-day window they have to remove if all the other elements are satisfied also in the pleading. If it doesn't state citizenship, if it doesn't affirmatively allege citizenship, then it is an indeterminate pleading, which is what this was. And the defendant can conduct jurisdictional discovery. It can conduct an independent investigation. And having looked at their records, they could have easily pled in their initial removal pleading. They could have easily pled lots of facts that, had they done so, I wouldn't have filed this motion. They didn't plead any facts. They said, you said you're a resident. We think you're a citizen, which is a legal conclusion, not a factual allegation. Therefore, we're going to remove on that basis alone. Under Harris, that was not enough because, if it was enough, then all other defendants would all of a sudden have the same burden when a resident's allegation is alleged. That triggers their clock. So King talked about a situation where, because of a weird stipulation, it was really close to the line whether there were enough people or not. And so there, the court is like, you need to take jurisdictional discovery. You need to make fact findings. Here, everyone agrees it's inconceivable that there isn't diversity. So why should we adopt a rule in this case? I mean, why shouldn't we be like King and say, when it's really close to the line, maybe you need more discovery, or maybe something you're saying would make sense in a situation where you have one person short? But we have 800,000 residents of California. This seems like a bad case to talk about any of this. Can you address that? I can. What I would say is that 800,000 residents of California gave them a very easy job to do, which was to find one, find facts that they can plead, then plead it in a notice of removal, and remove. But I thought we heard that the district judge did not give them an opportunity to do jurisdictional discovery. Was that an error by the district court there? I don't believe there was a formal request for jurisdictional discovery. I think, perhaps, in their briefing conclusion, they said, if you really believe we don't have enough, based on evidence we submitted in a motion to compel arbitration. So there are multiple motions they're filing, and they started citing evidence on other motions in support of their opposition to remand. If that isn't, sorry, please. If they would have asked, or if they did ask for jurisdictional discovery, would it have been error to deny it? I would say, in this case, yes, because it's akin to a 12b-6. We know it exists because it's a very plausible legal conclusion we've alleged. We know it exists. Continues to emphasize, and I think you're right, that it is implausible that jurisdiction does not exist. But if this court determines that a residency allegation alone, in an indeterminate pleading, creates a plausible allegation of citizenship for purposes of removal, that does not just impact large class actions, whether there are thousands or hundreds of thousands of people. What it does is it impacts every defendant that may be put in a situation where it says residence. We're not sure if it says enough to get to citizenship. It's a big class. All of a sudden, defendants are put in the box. And one of the arguments I made at the district court was, if you create two different removal standards based on residency allegations alone, it will end up being a pyrrhic victory for defendants in these types of cases. Because there are a lot of other defendants that will not have the 800,000 people that all have residential services. And therefore, they can plausibly conclude it exists. So maybe there needs to be some rule for cases where it's not blatantly obvious. But to create a rule that you need to plead more in a case that's so blatantly obvious, I feel like we'd be like cartoon characters or something. We'd be laughable, I feel like, to say that you need to say more in this case. I don't understand how we could even say that with a straight face. I would generally say that the bright line rule makes a lot of sense in all cases. If there ends up being a bright line rule for non-CAFA cases, which is what the district court focused on, and it's big enough that we know it's going to happen, so why not let you remove, anyway, standard? I do believe the bright line rule that Harris set is appropriate for these cases as well. I think we have your argument. Thank you. Any other questions about my colleagues? I don't think so. I was not actually referring. I was being adamant without knowing. And I didn't perceive it that way. OK. I did. I did. But in any event, take it as a lesson learned, OK? Good luck. Good luck. All right. We'll hear rebuttal. Thank you, Your Honors. There are two Harris cases. And I think it's important to distinguish. The Harris versus Rand case sets what the burden to allege is. The Harris versus Rand case says you follow the short and plain statement language. You say someone is a citizen. That's enough. So we certainly met the standard of that Harris versus Rand case. The Harris versus Bankers case, actually, I encourage the court to look at that before concluding that it simply says an allegation of residency isn't enough. In that case, the allegation was that a person resided in Montana 30 years before the complaint was filed. And the actual issue in the case was, oh, it turned out that guy was dead. And so if we had known he was dead, then we would have not had complete diversity was ruined if he had been alive and a citizen of Montana. But since he was dead and therefore not a citizen of anywhere, complete diversity existed. And so I encourage the court not to draw a conclusion that it goes. If we conclude that simply alleging residency all by itself without anything more is insufficient, is that what's happened in this case? Because paragraph 12 says, defendants informed and believed, and on that basis, the plaintiff is a citizen of the state in which he resides. Cox did use the words, plaintiff is a citizen. We did. And we made the allegation. And we made it not just based on a mere allegation of residence, but on all of the facts in the complaint, which included the items that I addressed before. Do you just, even with a rule here, would you also agree, though, that if you state just they're a resident alone, nothing else, there's no residence plus either what was said in the response or the fact there were 800 and something thousand people involved, that's not enough, right? Well, if we had said that in our notice of removal, no. I know you didn't say that. I'm just saying, hypothetically, if all you said was, these people, this is a resident. That's enough, right? That's not enough, right? That's not enough. But I think the court could have granted us leave to correct the error. Under 1653, we could have changed the allegation. I understand. So there's a way to correct that. But at some point, you've got to allege citizenship, or you've got to show, by common sense, that there clearly are some citizens here, right? Exactly. No, I think that's exactly right. Any other questions by my colleague? All right. Thank you. Thank you all. The court stands in recess for the day this case is submitted. All rise. This court, for this session, stands adjourned.
judges: M. Smith, Friedland, Simon